<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4892**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD LEON PINCKNEY,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.   Patrick Michael Duffy, Senior District Judge.  (2:08-cr-00145-PMD-1)

Submitted:  July 14, 2010          Decided:  July 22, 2010

Before KING, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron J. Blazer, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Pinckney appeals from his conviction and 226-month sentence following his guilty plea to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2006). Pinckney's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 in accepting Pinckney's guilty plea, and whether Pinckney's sentence is reasonable. Pinckney was advised of his right to file a pro se supplemental brief but did not do so. We affirm.

During Pinckney's plea hearing, in compliance with Rule 11, the district court properly informed Pinckney of the nature of the charges and penalties he faced and the rights he was forfeiting with his guilty plea, found that Pinckney was competent and entering his plea voluntarily, and determined there was a sufficient factual basis for the plea. Therefore, the record establishes Pinckney knowingly and voluntarily entered into his guilty plea with a full understanding of the consequences and there was no error in the district court's acceptance of his plea.

Pinckney also questions whether his sentence is reasonable. This court reviews a sentence for procedural and

2

substantive reasonablenes, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining whether a sentence is procedurally reasonable, we must assess whether the district court properly calculated the guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. See also United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (same). Finally, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

The district court followed the necessary procedural steps in sentencing Pinckney, appropriately treating the guidelines as advisory, properly calculating and considering the applicable guidelines range, applying the § 3553(a) factors to the facts of the case, and offering an individualized explanation of the sentence. Moreover, the court granted the Government's motion for downward departure based on Pinckney's substantial assistance and sentenced Pinckney below the applicable advisory guidelines range. Thus, we conclude that

3

the district court did not abuse its discretion in imposing the chosen sentence.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED